```
Case 5:21-cv-00730   Document 1   Filed 04/23/21   Page 1 of 15   Page ID #:1
```

Tania L. Whiteleather SBN 141227
Law Offices of Tania L. Whiteleather, Inc.
5445 E. Del Amo Blvd. Ste 207
Lakewood, CA 90712
tel (562) 866-8755    fax (562) 866-6875
tlwhiteleather@gmail.com

Attorney for Plaintiff ERIN LARKIN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN LARKIN, | CASE NO. CV |
| Plaintiff, | COMPLAINT FOR DAMAGES FOR RETALIATION |
| v. | |
| TEMECULA VALLEY UNIFIED DISTRICT, A Local Educational Agency, | 42 U.S.C. § 12101 et seq. 29 U.S.C. § 504(a) |
| Defendant. | |

Plaintiff ERIN LARKIN, presents her complaint as follows:

**JURISDICTION AND VENUE**

1. Plaintiffs brings her complaint for damages against Defendant Temecula Valley Unified School District ("TVUSD") for its retaliation against her under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. and 29 U.S.C. § 504 of the Rehabilitation Act of 1973 for her advocacy and help to her daughter, Kylie Larkin, an individual with a disability and for Plaintiff's attempts to protect Kylie Larkin's rights.

1

This Court has jurisdiction of those actions under 28 U.S.C. §§ 1331 and 1343.

**VENUE**

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because Defendant is located in this district and the claims arose in this district.

3. Exhaustion of administrative remedies is not required in this matter, as Plaintiff has and had no issues under the Individuals with Disabilities Education Act/IDEA.

**THE PARTIES**

4. ERIN LARKIN is the parent of a student, Kylie Larkin, who was eligible for special education in Temecula Valley Unified School District until the time that she was given a high school diploma. Kylie Larkin is not a party to this matter nor was a party to the case filed by Temecula Valley Unified School District in

5. Currently, and at all times relevant to this action, Kyle Larkin ("Kylie"), was and is a "qualified person with a disability" within the meaning of ADA. See 42 U.S.C. § 12131 (2)

6. Defendant Temecula Valley Unified School District ("TVUSD") is, and at all times herein mentioned was a school district duly organized and existing under the laws of the State of California as a Local Educational Agency (LEA). As an LEA, TVUSD had the responsibility for providing special education to Kylie Larkin during

2

the period she was eligible for special education as required by IDEA and State law. During that time, TVUSD had a duty to comply with all mandates of the ADA, including a duty to refrain from retaliation against any individual, including Plaintiff, who testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA.

7. TVUSD is and at all times relevant to this action was responsible for accommodating the disabilities of students enrolled in District schools and responsible for ensuring that District employees comply with ADA and Section 504 of the Rehabilitation Act of 1973.

8. As a local educational agency ("LEA"), TVUSD had a duty to refrain from retaliation against any individual who assisted Kylie or who attempted to protect Kylie's rights in any way. That duty extended to Plaintiff who, as Kylie's mother, assisted her at the IDEA due process hearings and in the District Court matter filed by TVUSD,

9. Defendant TVUSD is and at all times relevant to this action was a public entity within the meaning of Title II of the ADA.

10. Defendant TVUSD is and at all times relevant to this action was a recipient of federal funding within the meaning of the Rehabilitation Act.

## STATEMENT OF FACTS

11. Plaintiff's daughter, Kylie Larkin ("Kylie"), was a resident of and student in Temecula Valley Unified School District ("TVUSD"). As a student with a

3

disability, Kylie was entitled to special education services under the Individuals with Disabilities Education Act or "IDEA" and was entitled to an Individualized Education Plan or "IEP" under IDEA and State law. In 2016, Kylie filed a due process complaint with OAH regarding her rights under IDEA. In that matter, Kylie was assisted by a non-attorney educational advocate, Theresa Sester. The complaint was heard by and through the California Office of Administrative Hearings, known as "OAH" and was identified as <u>Student v. Temecula Valley Unified School District</u>, Case No. 2016060313.

12. At no time was Plaintiff identified as the petitioner or as a party in the OAH due process complaint. The OAH complaint was filed on behalf of Plaintiff's daughter, who was named as the sole "Petitioner" in that complaint.

13. No document filed with OAH bore Plaintiff's name as a party or party representative or attorney-in-fact in that matter.

14. TVUSD, hired the law firm of Danis, Woliver, Kelley to represent it as the respondent in Case No. 2016060313. That firm, and the attorney defending TVUSD in that case, Sarah Sutherland, received multiple notices from OAH regarding the filings and orders in that case. Each time service of the any orders in that case was sent to the parties, the proof of service, if directed to a party, indicated service on TVUSD and Kyle Larkin.

15. Never once did OAH serve any order or other

4

document in OAH Case No. 2016060313 on Plaintiff.

16. The OAH matter was bifurcated so that the administrative law judge ("ALJ") could determine "whether all of Student's claims are barred by the statute of limitations, and specifically, whether an exception to the two-year statute of limitations applies because Parent and Student were prevented from timely requesting the due process hearing." (AR p. 345) Hearing was held on four days in September and October 2016.

17. During the first portion of that bifurcated matter, Plaintiff, Kylie's mother, was asked by her daughter to sit in on the hearing. Plaintiff was not a party, party representative or party representative employee, or attorney-in-fact for her daughter, yet she attended each day of the four-day hearing.

18. Plaintiff never directed Kylie's advocate as to what to do or what actions to take in OAH Case No. 2016060313. Instead, she testified, assisted, and participated in the OAH hearing to assist Kylie in pursuing her rights under IDEA.

19. In a Decision issued on November 28, 2016, the OAH ALJ determined that one issue – and a portion of each of two other issues – could be heard in the portion two of the bifurcated hearings. A second due process hearing was scheduled to hear those remaining issues.

20. The second part of the bifurcated hearing in OAH Case No. 2016060313 was heard over five days in February and March 2017. At that hearing, Plaintiff's daughter

5

was represented by Attorney Wendy Housman, whom Kylie had hired for the second OAH hearing.

21. Again, Plaintiff attended the hearing at the request of her daughter. As in the first hearing, Plaintiff was not a party, party representative or party representative employee, or attorney-in-fact for her daughter.

22. Plaintiff never directed Kylie's attorney as to what to do or what actions to take in the second portion of OAH Case No.2016060313.

23. On April 13, 2017, the ALJ issued her Decision on the second bifurcated portion of the case finding against the Student/Petitioner on each of the issues raised.

24. On July 11, 2017 Kylie Larkin, through her attorney, Wendy Housman, filed a timely appeal/complaint for reversal of the April 13, 2017 OAH Decision. That action was entitled *Kylie Larkin v. Temecula Valley Unified School District*, Case No. EDCV 17-01381 JGB (KKx). No conservator or guardian ad litem had been or was appointed for Kylie Larkin in that matter, and no individual had any authority to act on behalf of Kylie in that matter.

25. Plaintiff was not a named party or a legal representative, i.e., conservator or attorney-in-fact, for Kylie in *Kylie Larkin, Student v. Temecula Valley Unified School District.* At no time during that case was anyone appointed to act for Kylie nor did she ever

6

provide anyone, including Plaintiff, with the authority to act on her behalf in that matter.

26. Plaintiff never directed Kylie's attorney as to what to do or what actions to take in *Kylie Larkin, Student v. Temecula Valley Unified School District.*

27. For the District Court case, TVUSD retained the same attorney firm that had represented it in both OAH due process hearings. Sarah Sutherland, of Danis, Woliver, Kelley, again represented TVUSD. As the attorney for TVUSD, Sarah Sutherland received and should have been aware of all filed pleadings and orders from the District Court.

28. At no time during the pendency of *Kylie Larkin, Student v. Temecula Valley Unified School District* did Kylie Larkin, the District Court, or anyone else indicate in any manner that anyone other than Kylie was the plaintiff, was authorized to made decisions for the Kylie, or was appointed as conservator or guardian ad litem for Kylie.

29. During the pendency of *Kylie Larkin v. Temecula Valley Unified School District,* Plaintiff continued to provide information to Kylie's attorney, Wendy Housman, as necessary. Plaintiff made no decisions regarding the District Court case and was never given authority to do so.

30. On June 12, 2018, the Court affirmed the OAH Decision that found in favor of TVUSD.

31. TVUSD and its counsel made no motion or claims

7

under IDEA for any attorney's fees against Kylie Larkin or her attorney in *Kylie Larkin v. Temecula Valley Unified School District*, Case No. EDCV 17-01381 JGB (KKx).

32. TVUSD did file a complaint against Kylie Larkin's attorney and Plaintiff on February 15, 2019 in the District Court. That complaint, *Temecula Valley Unified School District v. Wendy Housman and Erin Larkin*, Case No. CV 19-0293 JGB (KKx) sought "reasonable attorneys fees" against Plaintiff under 20 U.S.C. § 1415(i)(3)(B)(i)(III), alleging that Plaintiff had filed a complaint an "improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." TVUSD failed to acknowledge that Plaintiff was never a party to either the two OAH hearings or to District Court Case No. EDCV 17-01381 JGB (KKx).

33. TVUSD's complaint for fees pursuant to IDEA's 20 U.S.C. § 1415(i)(3)(B)(i)(III) was filed six months after the District Court's affirmation of the OAH Decision, well beyond the timeline for filing a motion for attorney's fees for that matter pursuant to IDEA.

34. TVUSD and its counsel actively pursue and prosecute the District Court complaint against Plaintiff and Wendy Housman, despite knowing that Plaintiff had not been "a parent of a student with a disability" who had filed <u>any</u> complaint against TVUSD in 2016 or beyond.

35. To defend against TVUSD's federal complaint, Plaintiff hired counsel, Tania Whiteleather, to represent

8

her, incurring significant attorney's fees in the process.

36. Over the period of more than a year, TVUSD pursued and prosecuted its case against Plaintiff, serving Requests for Interrogatories, Requests for Production, and Requests for Admissions to both defendants. The discovery responses TVUSD received from both defendants stated the very facts alleged here: 1) Kylie Larkin had been the sole petitioner in the underlying OAH case, 2) Kylie Larkin had been the only plaintiff in the prior District Court case against TVUSD, 3) Plaintiff Erin Larkin had never been appointed either conservator or guardian ad litem for Kylie Larkin and had no authority to act for her in the OAH bifurcated hearings or in the prior District Court case. Plaintiff's discovery responses confirmed the fact that Plaintiff had not been a party to either OAH hearing or to the District Court case. The discovery responses also confirmed that Plaintiff was not a parent who filed any complaint against TVUSD in 2016.

37. Despite the discovery responses TVUSD received, it continued to pursue and prosecute its action against Plaintiff for fees for her having filed a frivolous complaint against TVUSD or filed a complaint against TVUSD for an improper purpose.

38. On March 17, 2020, TVUSD filed a Motion for Summary Judgment against both defendants. The motion contained 200 statements of undisputed fact.

9

39. Plaintiff's attorney, working with Wendy Housman, spent significant time preparing Plaintiff's opposition to TVUSD's Motion for Summary Judgment. As has been previously detailed for the Court in a motion for fees pursuant to IDEA pursuant to 20 U.S.C. § 1415, Counsel for Plaintiff spent over 950 hours to review the two hearing transcripts and the District Court pleadings, review all authority cited by TVUSD in its MSJ, research related authority, and outline, draft, refine, and finalize the pleadings required for Plaintiff's Opposition to the MSJ. Overall, Plaintiff's counsel expended 198.60 hours defending Plaintiff in TVUSD's action for fees pursuant to 20 U.S.C. § 1415(I)(3)(B)(III); Plaintiff's incurred attorney's fees are over $100,000,

40. On April 24, 2020, the Court, having reviewed TVUSD's Motion for Summary Judgment, Plaintiff's and Defendant Housman's Oppositions, and all related pleadings, denied that motion. The Court then, sua sponte, granted Summary Judgment in favor of Defendants.

41. The Court found that Kylie's case (emphasis added) was not frivolous and that, as Kylie Larkin's suit was not frivolous, the Court was not required to determine if it were filed for an improper purpose. The District Court denied TVUSD's MSJ and, sua sponte, granted summary judgment to Plaintiff and her co-defendant.

/////

## FIRST CAUSE OF ACTION

**For Damages Against TVUSD For Its Retaliation Against Plaintiff For her Advocacy Pursuant To the Americans with Disabilities Act And Section 504 of the Rehabilitiation Act of 1973**

42. Plaintiff incorporates by reference each and every allegation of Paragraphs 1 through 41 of the Complaint as though fully set forth herein.

43. Pursuant to both Title II of the Americans with Disabilities Act, Section 12132, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), (a)(2), TVUSD, as a public entity, could not discriminate against any individual

> ...because that individual has opposed any act or practice made unlawful by this part, or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Act or this party.

42 U.S.C. § 12132

44. Congress has limited the discrimination and retaliation prohibitions in Section 504 only to persons with disabilities; in fact, because individuals with disabilities may need assistance with protecting their rights, retaliation against any person who offers such assistance to a person with a disability is also prohibited under Section 504.

45. In the underlying administrative due process case and in the District Court appeal, Plaintiff assisted

her daughter, Kylie Larkin, by and at her daughter's request.  Plaintiff's assistance – attending the due process hearings, providing information to the advocate and later to Kylie's hired attorney, and testifying in the administrative hearing – were all at the request of her daughter, Kylie, and for the purpose of assisting Kylie with vindication of her civil rights.

46. Not once did Plaintiff act on behalf of Kylie. Not once did she have authority to direct the OAH hearing or the District Court litigation.  No durable power of attorney, Court order, or other authority provided Plaintiff with the ability or right to act or make decisions for Kylie Larkin.

47. Although Plaintiff was the parent of Kylie Larkin, Plaintiff never filed any due process complaint or District Court complaint against TVUSD for Kylie Larkin in 2016 and beyond.  TVUSD and its counsel were well aware of that fact as a direct result of counsel's representation of TVUSD in the OAH hearings and District Court matter.

48. Despite the clear and written information in both the two OAH hearings and in the District Court that Plaintiff Erin Larkin was never a party and had never participated in any manner in the filing of the 2016 due process complaint or the District Court matter against TVUSD, that district, TVUSD, and its counsel filed and pursued an action against Plaintiff for TVUSD's attorneys fees.

12

49. TVUSD and its counsel knew that Plaintiff had not filed a complaint for an improper purpose for even filed a frivolous complaint with OAH or the District Court simply because Plaintiff never filed any of the complaints in 2016 and going forward against TVUSD.

50. TVUSD's action in *Temecula Valley Unified School District v. Wendy Housman and Erin Larkin*, Case No. CV 19-0293 JGB (KKx) lacked any basis and the claim that Plaintiff was a parent who filed a complaint against TVUSD was contradicted by all facts known to TVUSD and to its counsel.

51. Had Plaintiff not attempted to assist her daughter, Kylie Larkin, with her OAH IDEA due process hearings and subsequent District Court complaint, she would not have been the target TVUSD's unfounded and baseless complaint.

52. Without any valid basis for any fees action against Plaintiff, TVUSD and its counsel prosecuted its 2019 District Court complaint, vigorously pursuing discovery and a Motion for Summary Judgment. Without any valid basis for pursuing an action for fees against Plaintiff for <u>Student v. Temecula Valley Unified School District</u>, Case No. 2016060313 or for *Kylie Larkin v. Temecula Valley Unified School District*, Case No. EDCV 17-01381 JGB (KKx), the actions of TVUSD and its counsel were retaliatory and meant to both punish Plaintiff for her assistance to her daughter, Kylie, and to serve as a warning to anyone else who might dare to assist any

13

individual with a disability to protect that individual's civil rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests relief as follows:

1. The Court issue a declaration that Defendants' conduct alleged herein has violated and continues to violate Title II of the ADA (42 U.S.C. §§ 12101, et seq) and Section 504 of the Rehabilitation Act of 1973 as amended (29 U.S.C. §§ 794, et seq,) and was retaliatory and retaliation against Plaintiff as a direct result of her actions in assisting and attempting to protect the rights of her daughter, Kylie Larkin, an individual with a disability;
2. That the Court award Plaintiff damages in the form of reasonable attorneys fees and costs she incurred in defending TVUSD's unreasonable and baselines action against her;
3. That the Court award Plaintiff damages in the form of reasonable attorney's fees and costs incurred in the prosecution of this complaint for retaliation;
4. That the Court award any other damages as are appropriate and as may be allowed under law;
5. That the Court order such additional relief

as the Court determines to be appropriate.

Dated: April 23, 2021

By: /s/ Tania L. Whiteleather
TANIA L. WHITELEATHER
Attorney for Plaintiff