JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 21-730 JGB (KK) | Date | October 28, 2021 |
|---|---|---|---|
| Title | *Erin Larkin v. Temecula Valley Unified School District* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Defendant's Motion to Dismiss (Dkt. No. 13); and (2) VACATING the November 1, 2021 Hearing (IN CHAMBERS)

Before the Court is a Motion to Dismiss filed by Defendant Temecula Valley Unified School District (the "District"). ("Motion," Dkt. No. 13.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to this matter, the Court GRANTS Defendant's Motion. The hearing on November 1, 2021 is VACATED.

## I.   BACKGROUND

On April 23, 2021, Plaintiff Erin Larkin ("Ms. Larkin") filed a complaint against the District. ("Complaint," Dkt. No. 1.) On August 26, 2021, Ms. Larkin filed an amended complaint against the District, alleging (1) damages for retaliation against her for her advocacy pursuant to the Americans with Disabilities Act ("ADA") and (2) damages for retaliation against her for her advocacy pursuant to Section 504 of the Rehabilitation Act of 1973. ("FAC," Dkt. No. 10.)

On September 9, 2021, the District filed the instant Motion to Dismiss under Rule 12(b)(6). ("Motion," Dkt. No. 13.) That same day, the District filed a Request for Judicial Notice in support of the Motion. ("RJN," Dkt. No. 14.) Larkin opposed the Motion on October 11 ("Opposition," Dkt. No. 17), and the District replied on October 18 ("Reply," Dkt. No. 18).

## II. REQUEST FOR JUDICIAL NOTICE

The District requests judicial notice of the following documents:

- Records and files in the related case of <u>Kylie Larkin v. Temecula Valley Unified School District</u>, Case No. 5:17-CV-0138-JBG-KK (Exhibits 1-4); and
- Records and files in the related case of <u>Temecula Valley Unified School District v. Wendy Housman and Erin Larkin,</u> Case No. 5:19-CV-00293-JBG-KK (Exhibits 5-16).

(RJN at 2-6.) The Court finds that these documents are all judicially noticeable, as they constitute prior proceedings in federal court. See <u>In re Korean Air Lines Co.</u>, 642 F.3d 685, 689 n.1 (9th Cir. 2011) (taking judicial notice of prior proceedings in federal and state courts). Defendants' request is thus GRANTED, and notice is taken.

## III. FACTUAL ALLEGATIONS

The following allegations are accepted as true for the purposes of this Rule 12(b)(6) motion. Ms. Larkin's daughter, Kyle Larkin ("Kylie"), was a resident of and student in the District. (FAC ¶ 11.) As a student with a disability, Kylie was entitled to special education services under the Individuals with Disabilities Education Act ("IDEA") and entitled to an Individualized Education Plan ("IEP"). (<u>Id.</u>) Kylie was an intended beneficiary of federal funding under IDEA and Section 504 of the Rehabilitation Act. (<u>Id.</u>) In 2016, Kylie filed a due process complaint with the California Office of Administrative Hearings ("OAH") alleging violations of her rights under IDEA. (<u>Id.</u> ¶ 12.) Although Kylie was the only petitioner in the OAH case, Ms. Larkin was an advocate for Kylie. (<u>Id.</u> ¶ 14.) Ms. Larkin, for example, assisted and advocated for Kylie by supporting Kylie's due process complaint, hearings, and subsequent district court appeal. (<u>Id.</u>)

In two phases, the OAH heard several issues alleged in the due process complaint, and a key issue was whether the two-year statute of limitations barred the 2016 complaint, which alleged violations of Kylie's IDEA rights that occurred in and before 2014. (<u>Id.</u> ¶¶ 12, 19, 22, 23.) In April 2017, the OAH appealed the Administrative Law Judge's decision in a proceeding before the Court in <u>Kylie Larkin v. Temecula Valley Unified School District</u>, Case No. 5:17-CV-0138-JBG. (FAC ¶ 27.) Kylie was the only plaintiff in that case, although Ms. Larkin continued to help Kylie and her attorney in the proceedings. (<u>Id.</u> ¶¶ 32, 58-59). In June 2018, this Court affirmed the OAH decision in favor of the District. (<u>Id.</u> ¶ 33.)

In February 2019, the District filed a complaint for attorney's fees in a separate suit titled <u>Temecula Valley Unified School District v. Wendy Housman and Erin Larkin</u>, Case No. 5:19-CV-00293-JBG. (<u>Id.</u> ¶¶ 4, 35, 37.) That lawsuit alleged that Ms. Larkin had filed a complaint for an improper purpose. (<u>Id.</u> ¶ 35.) That suit also required Ms. Larkin to respond to discovery and to a motion for summary judgment. (<u>Id.</u> ¶¶ 40, 42.) Ms. Larkin incurred over $100,000 in attorney's fees for that work. (<u>Id.</u> ¶ 43.) In April 2020, this Court denied the District's motion

for summary judgment, and sua sponte granted summary judgment in favor of Ms. Larkin and her attorney. (Id. ¶¶ 44-45, 52.)

## IV. LEGAL STANDARD

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Horosny v. Burlington Coat Factory, Inc., 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true, and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

### B. Leave to Amend

Generally, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation omitted).

## V.  DISCUSSION

The District moves to dismiss the FAC because (1) the Noerr-Pennington doctrine bars this lawsuit that seeks to hold the District liable for litigation-related conduct; (2) res judicata and collateral estoppel bar Ms. Larkin's claims; and (3) Ms. Larkin's retaliation claims fail.  (See Motion.)  The Court agrees that Noerr-Pennington bars this suit.

The Noerr-Pennington doctrine provides that "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct."  Sosa v. DIRECTV, Inc., 437 F.3d 923, 929 (9th Cir. 2006).  "Under the Noerr–Pennington rule of statutory construction, [courts] must construe federal statutes so as to avoid burdening conduct that implicates the protections afforded by the [First Amendment] unless the statute clearly provides otherwise."  Sosa, 437 F.3d at 931.  A party's actions of filing briefs and motions in a prior suit "constitute core petitioning activity that the Noerr-Pennington doctrine immunizes from civil liability."  Williams v. Jones & Jones Mgmt. Grp., Inc., 2015 WL 349443, at *9 (C.D. Cal. Jan. 23, 2015).

Moreover, this doctrine applies "not only [to] petitions sent directly to the court in the course of litigation, but also [to] 'conduct incidental to the prosecution of the suit.' "  Sosa, 437 F.3d at 934.  Indeed, under Sosa, "all communications between private parties related to litigation—including presuit demand letters and settlement offers—are entitled to immunity."  EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp., 711 F. Supp. 2d 1074, 1082 (C.D. Cal. 2020).  Noerr-Pennington may also bar claims alleging discovery misconduct in an earlier suit.  Freeman v. Lask v. Haas & Cohler, 410 F.3d 1180 (9th Cir. 2005).  However, "sham" petitions do not fall within the doctrine's protection.  Id. at 1183-1184.  Noerr–Pennington applies to litigation in all contexts.  White v. Lee, 227 F.3d 1214, 1231 (N.D. Cal. 2013).

Here, Ms. Larkin seeks to hold the District liable for the 2019 lawsuit against her, which required her to hire an attorney and incur attorney's fees. (Motion at 17.)  The District argues, however, that Noerr-Pennington shields the District's conduct in filing the 2019 lawsuit, serving discovery, and filing a motion for summary judgment as petitioning conduct, and therefore renders it immune from liability for filing, prosecuting, and pursuing the 2019 lawsuit.  (Id.)  The Court agrees.  The conduct that Ms. Larkin challenges—the District's "filing a complaint" (Opposition at 10-11), as well as "pursuing discovery and a Motion for Summary Judgment" in the 2019 lawsuit (FAC ¶ 63)—falls directly within the litigation and incidental activities that Noerr-Pennington protects.

Nevertheless, Noerr-Pennington's protection does not apply to sham litigation.  The two-part test for sham litigation first involves evaluating whether the lawsuit is "objectively baseless in the sense that no reasonable litigant could reasonably expect success on the merits."  Theme Promotions, Inc. v. News Am. Mktg. FSI, 546 F.3d 991, 1007 (9th Cir. 2008).  "Only if the challenged litigation is objectively baseless may we consider the litigant's subjective motivation."  Id.

      Here, Ms. Larkin argues that the District's 2019 lawsuit against her "lacked any basis." (FAC ¶ 63.) However, as Ms. Larkin admits, the District filed its 2019 lawsuit to seek recovery of its attorney's fees incurred in defending the OAH case and the subsequent appeal under the IDEA's attorney's fees provision. (Id. ¶¶ 4, 35, 37.) That provision allows an award of attorney's fees to a prevailing "local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose . . . ." 20 U.S.C. § 1415(i)(3)(B)(i)(III).

      Although the District's 2019 lawsuit was unsuccessful, it was not objectively baseless. Indeed, the District had reason to claim that Ms. Larkin pursued a complaint for an improper purpose, as Ms. Larkin is listed on the face page of the due process complaint as the parent; the complaint was drafted by the advocate hired by Ms. Larkin to assist her in advocating for Kyle; and Ms. Larkin subsequently hired an attorney to continue the time-barred proceedings in the OAH, and then appeal the OAH's rulings in favor of the District. (Motion at 18.) The District also had a reasonable basis to bring a separate suit for attorneys' fees after the appeal had concluded.

      Therefore, the Court finds that Ms. Larkin's present lawsuit against the District is barred by the Noerr-Pennington doctrine.

## VI.  CONCLUSION

      For the reasons above, the Court GRANTS the District's Motion to Dismiss WITHOUT LEAVE TO AMEND. The hearing on November 1, 2021 is VACATED. The Clerk is directed to close this case.

**IT IS SO ORDERED.**